# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS A. SATTERFIELD,        )
                                         )
        Plaintiff,              )
                                         )
        v.                      )         1:23CV144
                                         )
OFFICER T.J. KNAUB and         )
ROXBORO POLICE DEPARTMENT,   )
                                         )
        Defendants.        )

## ORDER AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Marcus Antonio Satterfield's ("Plaintiff")

six motions: (1) "Motion to Amend the City of Roxboro to Civil Suit and Extend the Deadline

to Serve Summons Against the City of Roxboro Police Department" ("First Motion to

Amend") (Docket Entry 7); (2) "Motion to Amend Party in Original Complaint Chief David

Hess and Add Complaint" ("Second Motion to Amend") (Docket Entry 11); (3) "Motion for

Extension of Time for Service" ("First Motion for Service") (Docket Entry 12); (4) "Motion

to Add Defendants (parties) Chief of Police David Hess and Amend Complaint! Official

Capacity" ("Third Motion to Amend") (Docket Entry 13); (5) "Motion for Order of Service

of Summons Against Ex Officer T.J. Knaub Who Works for Person County Sheriffs[1]

Department" ("Second Motion for Service") (Docket Entry 14); and (6) "Motion to Proceed

Case, Service Against Officer, Now Deputy T.J. Knaub whom has been Located at Person

County Sheriff's Department" ("Third Motion for Service") (Docket Entry 15). For the

---

[1] Quotations are written as they appear within the source document, including misspellings. However, some capitalizations have been changed to improve readability.

following reasons, the undersigned recommends denying Plaintiff's three motions to amend (Docket Entries 7, 11, 13) and granting Plaintiff's motions for service (Docket Entries 12, 14, 15). The undersigned further orders that the Clerk issue a Summons (Docket Entry 14-1) and Amended Complaint (Docket Entry 6) to Defendant Knaub at the Person County Sheriff's Department.

## I.     Background

In February 2023, Plaintiff, an inmate filing pro se, filed an application to proceed In Forma Pauperis ("IFP") and a Complaint. (Docket Entries 1, 2.) In his Complaint ("Original Complaint"), Plaintiff brings a § 1983 action against Defendant T.J. Knaub ("Defendant Knaub") in both his official and individual capacities. (Docket Entry 2 at 2.)[2] He alleges that Defendant Knaub, whom Plaintiff claims was a police officer with the Roxboro Police Department, violated his Fourth Amendment search and seizure rights during an incident in January 2022 in which Plaintiff was arrested by Defendant Knaub. (Docket Entry 2 at 2, 4.) The Court granted Plaintiff's IFP status (Docket Entry 3) and ordered the Clerk to send Plaintiff a summons for Defendant Knaub. (Docket Entry 4.)

Thereafter, Plaintiff filed an Amended Complaint (hereinafter "Amended Complaint"), which added the Roxboro Police Department ("RPD") as a Defendant. (Docket Entry 6 at 2.) While neither his Original or Amended Complaints provide significant specificity, Plaintiff broadly claims in his Amended Complaint that while he was "walking [away] from a resident whom refused to press any charges," he was stopped by Defendant Knaub, who "grabbed"

---

[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

him, "began to search [him] without a warrant," and "trick[ed]" him into getting into a police car. (*Id.* at 3-5.) He also attempts to add a Bivens claim because Defendant Knaub "unlawfully searched and seized [Plaintiff] placed [Plaintiff] under bond and held [Plaintiff] without Due process of law."[3] (*Id.* at 3.) He further states that he was not "fingerprinted or Mirandized," and, after spending ten months in jail, the charges brought against him in connection with the incident were dismissed.[4] (*Id.* at 3-4.)

Plaintiff alleges his injuries are "emotional damage" and "los[s] of freedom," and seeks relief in the form of (1) the dismissal of another case against him involving narcotics possession, (2) "bond restitution," and (3) 2.5 million dollars. (*See id.* at 5.) A summons was issued for Defendant Knaub, which was returned unexecuted. (*See* Docket Entries 8, 10.) Thereafter, Plaintiff filed multiple motions, which are detailed below. (*See* Docket Entries 11, 12, 13, 14, 15.)

## II. Discussion

### Standard of Review

Pro se complaints are to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "Liberal construction is particularly appropriate when a pro se complaint raises civil rights issues." *Moody-Williams v. LipoScience,* 953 F. Supp. 2d 677, 680 (E.D.N.C. 2013); *see also Brown v. N.C. Dept. of Corr.,* 612 F. 3d 720, 722 (4th Cir. 2010). However, even under liberal

---

[3] Plaintiff's Original Complaint (Docket Enry 2) and Amended Complaint (Docket Entry 6) allege the same conduct.  However, Plaintiff did not allege a Bivens claim in his Original Complaint.

[4] Plaintiff states that "after months of sitting in jail, I went to court for another case and was found guilty" and the "charges of which [Defendant] Knaub was involved, was dismissed." (*See* Docket Entry 6 at 4.)

3

construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Pender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998).

## 1. Motions to Amend

### a. Amended Complaint

In June 2023, Plaintiff filed an Amended Complaint. (Docket Entry 6.) In it, Plaintiff reiterates his claims against Defendant Knaub, adds a Bivens claim, and adds RPD as a Defendant. (*Id.*) Under Rule 15, a plaintiff is allowed to amend a complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1); *see also Deal v. Chung,* No. 1:13-CV-1033, 2014 WL 3487816, at *1 (M.D.N.C. July 11, 2014) ("Plaintiff is entitled under Federal Rule of Civil Procedure 15(a)(1) to amend his Complaint one time even without Court permission."). However, because Plaintiff proceeds IFP under 28 U.S.C. § 1915A, the Court is required to "dismiss the complaint, or any portion of the complaint, if [it] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also Deal,* No. 1:13-CV-1033, 2014 WL 3487816, at *1. A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Under 28 U.S.C. § 1915A, a complaint or amendment to a complaint "fails to state a claim upon which relief may be granted" when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009) (internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, Plaintiff's attempt to add RPD as a defendant in his Amended Complaint should be dismissed for several reasons. First, RPD is not an entity that can be sued under North Carolina law. "Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is located." *Dash v. Walton*, No. 1:99CV00350, 2000 WL 1229264, at *2 (M.D.N.C. July 17, 2000). "[I]n North Carolina a municipal agency is not an entity that may be sued." *El-Bey v. City of Thomasville*, No. 1:11CV413, 2012 WL 1077896, at *3 (M.D.N.C. Mar. 30, 2012), *report and recommendation adopted*, No. 1:11CV413, 2013 WL 5461819 (M.D.N.C. Sept. 30, 2013). Accordingly, a police department is a municipal agency and thus lacks the capacity to be sued. *See Townsend v. City of Fayetteville*, No. 5:13-CV-195-FL, 2013 WL 2240996, at *1 (E.D.N.C. May 21, 2013); *Wright v. Town of Zebulon*, 202 N.C. App. 540, 543 (2010) ("In North Carolina there is no statute authorizing suit against a police department."); *see also Baker v. Durham Cnty. S.W.A.T. Team,* No. 1:14CV878, 2016 WL 2621972, at *4 (M.D.N.C. May 5, 2016), *report and*

*recommendation adopted sub nom. Baker v. Durham S.E.T.,* No. 1:14CV878, 2016 WL 3747615 (M.D.N.C. July 11, 2016). Since the RPD is not a legal entity that can be sued, Plaintiff's attempt to add it as a defendant does not have an arguable basis in fact or law and therefore is frivolous.

Second, adding the Roxboro Police Department would be duplicative because Plaintiff has already brought an official capacity claim against Defendant Knaub. "Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (quoting *Monell*, 436 U.S. at 690 n. 55); *see also Rodgers v. Town of China Grove*, No. 1:22CV518, 2023 WL 8021513, at *8 (M.D.N.C. Nov. 20, 2023) ("Because [the plaintiff's] official capacity claims against the individual [officer] Defendants are redundant of her claims against the Town of South Hill, the Court will dismiss all counts against the individual [officer] Defendants brought against them in their official capacities."); *see also Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 463 (M.D.N.C. 2016) ("[D]uplicative claims against an individual in his official capacity when the government entity is also sued may be dismissed."). Because Plaintiff alleges that Defendant Knaub was an employee of the Roxboro Police Department at the time the cause of action arose and sues him in his official capacity, a claim against the RPD would be duplicative.

Additionally, in his Amended Complaint, Plaintiff attempts to add a Bivens claim. However, Bivens claims are brought against *federal* agents who violate a plaintiff's constitutional rights. *See Tuggles v. United States,* No. 1:18CV97, 2019 WL 954978, at *5 (M.D.N.C. Feb. 27, 2019) (noting that Bivens claims are brought against federal agents and

cannot be brought against "the government itself"); *see also Irving v. PAE Gov't Servs., Inc.,* 249 F. Supp. 3d 826, 835–36 (E.D. Va. 2017) ("[A] Bivens claim is only available when a federal actor violates a plaintiff's federal rights while acting under color of federal law."). Here, Plaintiff does not make any claims against a federal agent. Instead, his claims involve a police officer whom Plaintiff alleges worked for the Roxboro Police Department. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (noting that a police department is an arm of the state, not the federal government). Thus, the undersigned recommends dismissing Plaintiff's Bivens claim against Defendant Vaughn because it does not have an arguable basis in law or fact. Additionally, for the reasons stated above, the undersigned also recommends dismissing the Roxboro Police Department as a defendant.

### b. First Motion to Amend

Next, Plaintiff filed three motions that the undersigned liberally construes as motions to amend. (*See* Docket Entries 7, 11, 13.) In his First Motion to Amend, Plaintiff seeks to add either the Roxboro Police Department or the City of Roxboro as defendant. (*See* Docket Entry 7.) Both entities are mentioned, and it is unclear which entity he is attempting to add. [5] (*See id.*) He also seeks to serve a summons on the RPD. (*See* Docket Entry 7.) For the reasons stated

---

[5] The title of Plaintiff's First Motion to Amend indicates that he wishes to add the City of Roxboro as a defendant. (*See* Docket Entry 7 at 1 ("Motion to Amend the City of Roxboro to Civil Suit and Extend the Deadline to Serve Summons Against the City of Roxboro Police Department").) However, the content of the motion only references adding the "City of Roxboro Police Department." (*See id.* ("What I wasn't informed that in order to do so officially I had to sue the City of Roxboro Police Department. . . . Marcus Antonio Satterfield is filing a motion to amend and add the City of Roxboro Police Department to my claim.").) Notably, in his Amended Complaint, which was filed before his First Motion to Amend, Plaintiff added the Roxboro Police Department as a defendant. (*See* Docket Entry 6, 7.)

above, the undersigned recommends dismissing the RPD as a defendant. Hence, the undersigned also recommends denying Plaintiff's request to serve the RPD.

However, because it is possible that Plaintiff's motion was a request to add the City of Roxboro as a defendant, the undersigned will address whether Plaintiff states sufficient facts to plausibly state a claim against the City of Roxboro. Under § 1983, a plaintiff is required to allege either an individual's direct action or an entity's customs or policies inflicted an injury. *See Harris v. Pressley,* No. 1:10CV412, 2010 WL 2403089, at *3 (M.D.N.C. June 10, 2010) ("As to [the City of Roxboro], Plaintiff alleges no direct action, but only claims vicarious or supervisory liability. This is insufficient to state a claim under § 1983. The doctrine of respondeat superior is inapplicable to § 1983 actions. . . .") (citations omitted); *see also Allen v. Pers. Cnty.,* No. 5:23-CV-131-FL, 2023 WL 3214612, at *4 (E.D.N.C. Apr. 6, 2023), *report and recommendation adopted,* No. 5:23-CV-131-FL, 2023 WL 3205325 (E.D.N.C. May 2, 2023) ("A county or municipality may be found liable . . . only when execution of a government's policy or custom, . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.") (internal quotations omitted). Here, Plaintiff has not stated any facts that implicate the City of Roxboro's direct action or its customs or policies. Thus, he fails to allege a plausible claim against the City of Roxboro, and the undersigned recommends denying Plaintiff's First Motion to Amend. (Docket Entry 7.)

### c. Section Motion to Amend

Next, Plaintiff filed a motion entitled "Motion to Amend Party in Original Complaint. Chief of Police David Hess and Add Complaint." (Docket Entry 11.) In his motion, Plaintiff seeks to add a failure to train claim against Roxboro Chief of Police David Hess. (*Id.* at 1.)

Specifically, he alleges that Chief Hess "allowed Officer T.J. Knaub to be hasteful in illegally searching me handcuffing me placing me in the police care and kidnapping me placing me in jail without even booking me or fingerprinting me." (*Id.*)

To bring a claim based upon failure to train, "[a] plaintiff must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (internal quotations omitted). Thus, there must be allegations of "continued inaction in the face of documented widespread abuses," *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994), such as "the existence of reported and unreported cases and numerous successful motions which, if true, would buttress [an] legal conclusion." *Owens*, 767 F.3d at 403; *see also Rodgers*, No. 1:22CV518, 2023 WL 8021513, at *5.

Here, Plaintiff has not alleged sufficient facts to bring a claim for failure to train against Chief Hess. He does not allege any official "widespread practice," that Chief Hess had any "actual or constructive knowledge" of Defendant Knaub's actions, or any facts that might implicate Chief Hess's "deliberate indifference." Instead, Plaintiff merely asserts in a conclusory manner that Chief Hess failed to train Defendant Knaub. Therefore, because Plaintiff has not pled sufficient facts to bring a plausible claim, the undersigned recommends denying Plaintiff's Second Motion to Amend (Docket Entry 11).

**d. Third Motion to Amend**

Next, Plaintiff filed a motion entitled "Motion to Add Defendants (parties) Chief of Police David Hess and Amend Complaint! Official Capacity." (Docket Entry 13.) As best the

undersigned can determine, Plaintiff appears to repeat his request to bring a failure to train claim against Chief Hess. (*See id.*) He also states that "Chief of Police <u>David Hess</u> should also be held accountable in <u>Official Compacity</u>." (*Id.*) However, "a failure to train claim is . . . assessed as an official capacity claim." *Short v. Stokes,* No. 1:18CV741, 2021 WL 620933, at *10 n. 6 (M.D.N.C. Feb. 17, 2021). Therefore, in accordance with the reasons stated above regarding adding a failure to train claim against Chief Hess, the undersigned recommends denying Plaintiff's motion to add an official capacity against Chief Hess (Docket Entry 13). (*See supra* II(1)(c).)

### 2. Motions for Extension of Time

#### a. First Motion for Extension of Time to Serve an Individual

In July 2023, a Summons and Complaint for Defendant Vaughn were returned unexecuted. (Docket Entry 10.) Afterwards, Plaintiff filed three motions that the Court liberally construes as motions for extensions of time for service. (Docket Entries 12, 14, 15.) First, he filed a motion entitled "Motion for Extension of Time for Service," requesting additional time to serve Defendant Knaub because "I have found that he no longer works for the Police Department anymore and being that I filed pro se and is incarcerated I have no other address to place for the officer to be served." (Docket Entry 12 at 1.)

Next, Plaintiff filed a "Motion for Order of Service of Summons Against Ex Officer T.J. Knaub who works for Person County Sheriffs Department." (Docket Entry 14.) Plaintiff states that he has located Defendant Knaub's current place of employment and requests that that the Marshals "properly serve" Defendant Knaub at his workplace. (*Id.* at 1.) He also

attached a Summons addressed to Defendant Knaub at the Person County Sheriff's Office. (Docket Entry 14-1.)

Third, Plaintiff filed a motion entitled "Motion to Proceed Case, Service Against Officer, Now Deputy T.J. Knaub whom Has Been located At Person County Sherriffs Department." (Docket Entry 15.) Again, Plaintiff reiterates his request to serve Defendant Knaub at his current place of employment. (*Id.* at 1.)

Because all three motions present essentially the same request, the undersigned will address them together. Under Rule 4(m), a Plaintiff has 90 days within which to serve defendants absent a showing of good cause. Fed. R. Civ. P. 4(m). However, "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Allen v. Elwell,* No. 1:19CV766, 2022 WL 16635378, at *7 (M.D.N.C. Nov. 2, 2022), *report and recommendation adopted,* No. 1:19CV766, 2022 WL 20111395 (M.D.N.C. Dec. 5, 2022) (citing *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C. Cir. 1993)). "While mere technicalities ordinarily should not stand in the way of finding proper service and courts will liberally construe the rules when actual notice occurs, 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Chrisp v. Univ. of N. Carolina-Chapel Hill,* 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)).

Given the constraints placed upon Plaintiff as an inmate filing pro se, and that he now alleges to have the address of Defendant Knaub's current employer, the undersigned will allow Plaintiff another opportunity to serve Defendant Knaub at the Person County Sheriff's Department. The Court directs the Clerk to issue the Summons (Docket Entry 14-1) and

11

Amended Complaint (Docket Entry 6) and instructs the United States Marshals to serve the Summons and Amended Complaint. However, Plaintiff's failure to provide an address wherein service may be made on Defendant Knaub will result in the dismissal of the action as to all such unserved defendants. *See* Fed. R. Civ P. 4(m). Therefore, to the extent that Plaintiff's three motions request an extension of time to serve Defendant Vaughn at the Person County Sheriff's Department, the undersigned grants Plaintiff's motions (Docket Entry 12, 14, 15).

### III.    Conclusion

**IT IS THEREFORE RECOMMENDED** that Defendant Roxboro Police Department be **DISMISSED** and the Bivens claim against Defendant Knaub be **DISMISSED**. (Docket Entry 6.) Further, the undersigned **RECOMMENDS** that Plaintiff's "Motion to Amend the City of Roxboro to Civil suit and extend the deadline to serve summons against the City of Roxboro Police Department" be **DENIED**. (Docket Entry 7.) The undersigned also **RECOMMENDS** that Plaintiff's "Motion to Amend Party in original Complaint. Chief of Police David Hess and Add Complaint" be **DENIED** (Docket Entry 11), and Plaintiff's "Motion to Add Defendants (parties) Chief of Police David Hess and Amend Complaint! Official Capacity" be **DENIED**. (Docket Entry 13). Finally, the undersigned **ORDERS** that Plaintiff's "Motion for Expansion of Time for Service" be **GRANTED** (Docket Entry 12), "Motion for Order of Service of Summons Against Ex Officer R.J. Knaub who works for Person County Sheriffs Department" (Docket Entry 14) be **GRANTED**, and "Motion to Proceed Case, Service Against Officer, Now Deputy T.J. Knaub Whom has Been Located at Person County Sheriffs Department" (Docket Entry 15) be **GRANTED**.

Accordingly, the Court directs the Clerk to issue the Summons (Docket Entry 14-1) and Amended Complaint (Docket Entry 6) to Defendant T.J. Knaub at the Person County Sheriff's Department. The Clerk shall give the Summons and Amended Complaint to the United States Marshal for service of process.


_____/s/  Joe L. Webster_____
United States Magistrate Judge


February 16, 2024
Durham, NC